UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOMINIC SON,<br><br>　　　　Plaintiff<br><br>v.<br><br>OAKMONT PROPERTIES-AZURE, LLC,<br>FPI MANAGEMENT, and HOUSING<br>AUTHORITY OF THE CITY OF RENO,<br><br>　　　　Defendants | Case No.: 3:25-cv-00148-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1, 5, 8, 11, 15, 18, 19, 21, 22 |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF Nos. 1, 18, 19, 21, 22), and a pro se complaint (ECF No. 15).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). The court must also dismiss the case if at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Federal courts are courts of limited jurisdiction" and have subject matter jurisdiction only over matters "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal jurisdiction generally arises pursuant to either diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. Diversity jurisdiction exists where no defendant is a citizen of the same state as the plaintiff, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon*, 545 U.S. at 553. Federal question jurisdiction exists over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether federal question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The burden of establishing jurisdiction rests on the party asserting it. *Kokkonen*, 511 U.S. at 377.

**B. Plaintiff's Complaint**

Since initiating this action, Plaintiff has filed several amended complaints, along with motions for leave to do so. Because the original complaint had not yet been screened or served on the defendants, leave to amend is granted pursuant to the provisions of Federal Rule of Civil Procedure 15(a). Accordingly, the operative complaint is Plaintiff's Fourth Amended Complaint, which the court now screens. (ECF No. 15.)

The threshold question in this case is whether the court has subject matter jurisdiction. In the civil cover sheet, Plaintiff claimed jurisdiction pursuant to 28 U.S.C. § 1332 -- diversity jurisdiction. (*See* ECF No. 1-3.) However, both Plaintiff and Defendant Housing Authority of the City of Reno ("RHA") are alleged to be – and in fact likely are – citizens of Nevada. Therefore, there is no diversity of citizenship, and the court does not have jurisdiction over the current complaint under § 1332.

Further, the court does not have federal question jurisdiction on the face of the complaint. First, Plaintiff does not allege any federal claims. Second, although Plaintiff repeatedly invokes violations of the CARES Act[1] as underlying many or all of the state law claims he alleges, and "the Supreme Court has recognized a 'special and small' category of state-law claims that arise under federal law for purposes of § 1331 'because federal law is a necessary element of the ... claim for relief,'" *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)), violations of the

---

[1] The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281.

CARES Act do not appear to fall within this limited exception. "Federal jurisdiction over a state-law claim will lie if a federal issue is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* at 904-05.

In the case of alleged CARES Act violations, the majority of courts have concluded that the CARES Act did not create a private right of action. *See Radix L. PLC v. JPMorgan Chase Bank NA*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) ("[T]here is no private right of action to enforce the CARES Act."); *see also Ortiz v. Bus. Consumers & Hous. Agency*, 2023 WL 2188694, at *2 (C.D. Cal. Feb. 23, 2023) (collecting cases); *Betancourt v. Total Prop. Mgmt.*, 2022 WL 2359286, at *3 (E.D. Cal. June 30, 2022) (same). And a "congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814 (1986). Accordingly, Plaintiff's allegations of CARES Act violations as part of his state-law claims do not create a federal question sufficient to confer jurisdiction on this court.

Thus, the complaint must be dismissed for lack of subject-matter jurisdiction. A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Here, the complaint will be dismissed with leave to amend in the event Plaintiff believes he can establish federal subject matter jurisdiction.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim" showing Plaintiff is entitled to relief. Plaintiff's fourth amended complaint is 144 pages long and frequently repetitive. The facts and law at issue in this case are not so complex as to require a complaint of that length. In amending the complaint, Plaintiff should make every effort to edit and condense the factual and legal allegations therein to comply with Rule 8's directive.

Plaintiff will have **30 days** from the date of this Order to file an amended complaint that indicates the basis of this court's jurisdiction. If Plaintiff fails to file an amended complaint, the court will recommend dismissal of this action without prejudice.

### III. MISCELLANEOUS MOTIONS

Plaintiff has filed multiple motions to stay or extend the time for service of process and for authorization to register for electronic filing. The court will defer consideration of those motions until the screening of any amended complaint filed pursuant to the terms of this order.

### IV. CONCLUSION

(1) Plaintiff's IFP application (ECF Nos. 1, 18, 19, 21, 22) is **GRANTED**.

(2) Plaintiff's Motions for Leave to Amend (ECF Nos. 5, 8, 11) are **GRANTED**.

(3) The Fourth Amended Complaint (ECF No. 15) is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint establishing the court's subject matter jurisdiction. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended

pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

(5) The court **DEFERS** consideration of Plaintiff's motions to stay or extend the time for service of process (ECF Nos. 9, 10, 23) and for authorization to register for electronic filing (ECF Nos. 6, 20).

**IT IS SO ORDERED**.

Dated: July 9, 2025

_____
Craig S. Denney
United States Magistrate Judge