UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOMINIC SON,<br><br>                         Plaintiff,<br>   v.<br><br>OAKMONT PROPERTIES-AZURE, LLC, et al.,<br><br>                         Defendants. | Case No. 3:25-cv-00148-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

Pro se Plaintiff Dominic Son brings this action arising from events relating to his lease of an apartment in Sparks, Nevada and alleged financial obligations resulting from that lease and its termination. Before the Court is United States Magistrate Judge Craig S. Denney's Report and Recommendation (ECF No. 50 ("R&R")), recommending that the Court (1) grant Plaintiff's motions for leave to file a seventh amended complaint, (2) dismiss Defendant Reno Housing Authority with prejudice, (3) dismiss the claims that give rise to federal question jurisdiction as alleged in counts I through VI with prejudice, and (4) defer screening Plaintiff's state law claims until Plaintiff provides information for the Court to determine whether it has diversity jurisdiction over the state law claims. Plaintiff filed an objection to the R&R. (ECF No. 53 ("Objection").) For the reasons discussed below, the Court overrules Plaintiff's Objection and adopts the R&R in full. The Court further denies all pending motions.

**II.    RELEVANT BACKGROUND**

Plaintiff initiated this action by filing an application to proceed in forma pauperis ("IFP") without prepayment of the filing fee and a proposed complaint. (ECF No. 1.) After mandatory screening of the complaint under 28 U.S.C. § 1915(e), the Court granted Plaintiff's IFP application, dismissed the complaint for lack of subject matter jurisdiction

but granted Plaintiff leave to file an amended complaint. (ECF No. 27.) Plaintiff then filed several amended complaints. (ECF Nos. 28, 30, 32, 33, 34, 35.) The Magistrate Judge ultimately directed Plaintiff to file a single seventh amended complaint ("SAC") (ECF No. 36), which Plaintiff did along with three motions for leave to file amended complaint and errata correcting an omitted word ("NOT"). (ECF Nos. 39, 40, 41, 43.)

Plaintiff's claims arise from his rental of an apartment unit at the Azure Apartments owned by Defendant Oakmont Properties-Aure, LLC[1] and managed by Defendant FPI Management (collectively "Property Defendants"[2]).[3] (ECF No. 39-1 at 1, 4-5.) Plaintiff entered into the lease agreement in June 2020 and apparently terminated the lease around March or April 2022. (*Id.* at 7, 10-11, 20.) Plaintiff alleges that Property Defendants had "publicly advertised a shared 'COVID Pledge,'" promising to manage the properties in a "supportive, ethical and compassionate approach," but they essentially did not. (*Id.* at 7.) He cited issues with the unit and apartment complex (i.e., inoperable security gates, a defective window, and disruptive noise), their refusal to "honor the financial assistance terms communicated by previous managers," and they served him with multiple eviction notices when their agents had indicated they would not pursue eviction.[4] (*Id.* at 7-8.) The gist of the allegations relates to promises about halting rent payments "[a]t the outset of

---

[1] Plaintiff does not identify the state of citizenship of Oakmont Properties-Azure, LLC or the citizenship of members of the LLC. As the Magistrate Judge correctly points out, "an LLC is a citizen of every state of which its owners/members are citizens." (ECF No. 50 at 16 (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

[2] Plaintiff also names as a defendant FPI Management Holding Company, Inc., which he identifies as a California corporation. (ECF No. 39-1 at 5.) Plaintiff alleges that this Holding Company and FPI Management, Inc. (also a California corporation) "share common ownership, officers, and/or business operations." (*Id.* at 4, 6.) For brevity, the Court includes this defendant when it references Property Defendants because Plaintiff does not make specific allegations as to this defendant.

[3] The Court adopts the background facts summarized in the R&R and incorporates them here. (ECF No. 50 at 4-7.)

[4] Plaintiff alleges that in February 2021, Property Defendants' manager stated "that eviction would not be pursued as long as he remained in communication with management" but then "they sent him multiple eviction notices." (ECF No 39-1 at 8.)

the COVID-19 pandemic"[5] and Property Defendants' representations about securing financial aid on Plaintiff's behalf. (*Id.* 8-12.) Property Defendants instructed Plaintiff to apply for assistance through Defendant Reno Housing Authority ("RHA"); RHA denied aid on two separate occasions each time after he secured temporary employment; and Property Defendants cited RHA's denial as the reason they would not provide separate financial assistance as they had previously offered. (*Id.*) Property Defendants offered to allow Plaintiff to terminate his lease after Plaintiff informed them that he was laid off from a temporary job in March 2022.[6] (*Id.* at 11, 20.) Plaintiff alleges that Property Defendants claim substantial rent arrears, late payments and charges, imposed an unreasonable deadline for him to vacate the unit, and then referred the alleged debts to a third party collection agency. (*Id.* at 12-14.)

The SAC is 70 pages in length and contains 16 claims for relief.[7] (ECF No. 39-1; ECF No. 43 (errata).) Plaintiff's federal claims are ground on discrimination based on race and disability, and First Amendment retaliation. (ECF No. 39-1 at 15-16.) Plaintiff is an Asian-American. (*Id.* at 24.) He "was diagnosed with an adjustment disorder, a mental health condition" with symptoms "such as difficulty concentrating, thinking, communicating, and working." (*Id.* at 15.) Plaintiff communicated his diagnosis to Property Defendants' manager in an April 6, 2022 email where he asked for assistance with his account and the late fees. (*Id.* at 13, 16.) Plaintiff alleges that in response to this request for help, he was offered a $500 for tenant referral credit. (*Id.* at 16.)

---

[5] The SAC alleges that Property Defendants' manager "repeatedly instructed Plaintiff to halt rent payments, stating [they] were securing financial aid on his behalf" beginning in January 2021. (ECF No. 39-1 at 12.)

[6] But Plaintiff alleges that on March 7, 2022, another of Property Defendants' managers offered to waive late fees and reduce his rent if Plaintiff paid over $2,000; but after Plaintiff paid and got his account balance to zero the "historical late fees remained on his account." (ECF No. 39-1 at 12.)

[7] The SAC organized the claims as starting with count I and ending in count XVII but there is no count VII. (ECF No. 39-1 at 35, 66-68.)

The Magistrate Judge recommends granting Plaintiff's motions as they relate to the SAC, dismissing Defendant RHA with prejudice, dismissing the federal claims with prejudice and deferring screening on the state law claims until the Court can determine whether it has diversity jurisdiction. (ECF No. 50.)

## III.  DISCUSSION

As an initial matter, the Court notes that this case has not proceeded beyond the screening of the operative complaint but Plaintiff has filed too many motions for the Court to recount. Plaintiff is cautioned that the Court must construe, administer, and employ procedural rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiff's filing of repetitive and frivolous docket entries frustrates that goal. For example, on October 17, 2025, Plaintiff filed three motions relating to his proposed seventh amendment complaint (ECF Nos. 39, 40, 41) and another filing on October 21, 2025 (ECF No. 43) to correct a one-word omission from his proposed seventh amended complaint. Since Plaintiff filed his motion for temporary restraining order on October 14, 2025 (ECF No. 37), Plaintiff has filed at least 12 documents relating to that motion (ECF Nos. 44, 45, 46, 48, 49, 51, 56, 58, 59, 60, 63, 64). Several of the filings are notices of non-opposition. However, no oppositions have been filed because the Court has not permitted the case to proceed so summons have not been issued for any named defendants to make an appearance in this case.[8] The Court is sensitive to Plaintiff's pro se status, but that status is not a license to abuse the litigation process and ignore the rules and orders of this Court. Plaintiff is cautioned that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v.*

---

[8]Plaintiff's Objection argues that the Magistrate Judge "ignores dispositive, judicially noticeable facts from the Court's own docket" that RHA defaulted on his emergency motion for TRO. (ECF No. 53 at 2.) However, the Court has not screened the SAC to allow the claims against RHA to proceed. So RHA and the other Defendants have not appeared in this action and cannot be found in default for not responding. For this same reason, the Court denies Plaintiff's motion to supplement his Objection (ECF No. 57) to point out that Defendants have failed to respond to his motion to amend relief sought in his emergency motion.

4

*Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). And because pro se status does not permit litigants to needlessly clutter already full court dockets, district courts have the inherent power to control their dockets.[9] *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

Moving on then to the R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection.

### A.    Dismissal of RHA

In recommending dismissal of the claims against RHA with prejudice, the Magistrate Judge found that the allegations in the SAC as to the federal claims often conflate RHA with the Property Defendants.[10] (ECF No. 50 at 15.) The Court agrees with this finding, which supports dismissal of the claims against RHA. The allegations against RHA during the time frame of Plaintiff's lease consist of its denial of Plaintiff's applications for assistance on two occasions that followed Plaintiff's temporary employment. In particular, Plaintiff alleges that based on RHA's response to records requested in April 2025, RHA provided two tenants in the 300-unit Azure Apartments complex with assistance aid. Based on information and belief, Plaintiff alleges that the other tenants

---

[9]Plaintiff's Objection argues that the Magistrate Judge fails to consider the liberal pleadings standard given to pro se litigants. (ECF No. 53 at 3-4.) However, pro se litigants must follow the same rules of procedure that govern other litigants. *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165 (1985).

[10]Plaintiff's Objection argues that the Magistrate Judge improperly took a "divide and conquer" approach in considering allegations against "sophisticated institutional defendants" such as the Property Defendants and RHA. (ECF No. 53 at 6-7.) However, Federal Rule of Civil Procedure 8(a)'s notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Magistrate Judge thus properly screens the SAC to determine each claim alleged as to each defendant.

were similarly situated to him but are not Asian and did receive aid. (ECF No. 39-1 at 14-15.) As the Magistrate Judge found, such allegations, contrary to Plaintiff's arguments in his Objection (ECF No. 53 at 7-8), are too conclusory to plausibly infer, let alone state a claim, that RHA did not grant Plaintiff's applications for financial assistance because of his race or disability.[11] (ECF No. 50 at 8-14.) For example, there are no allegations relating to the two tenants who received assistance to support the conclusory allegations that they are similarly situated to Plaintiff. In fact, the SAC does not allege that RHA even knew of Plaintiff's race or disability. Instead, Plaintiff alleges that RHA acted with "knowing and deliberate indifference" to Property Defendants' alleged race discriminatory conduct that involved manufactured debts and failed to "exercise meaningful oversight" of Property Defendants to ensure reasonable accommodation to Plaintiff in the form of rental assistance. (ECF No. 39-1 at 26, 29.)

The other allegations relate to RHA's communications with Plaintiff in connection with his requests for records between March and July 2025. (ECF No. 39-1 at 16-18, 21-22.) Plaintiff alleges that he sought records for CARES Act funds disbursed to Property Defendants on his behalf. Plaintiff alleges RHA purportedly provided "misleading and fraudulent" information in support of his First Amendment retaliation claim as alleged in count VI. (*Id.* at 34.) As support, he referenced his allegations that RHA informed him that "no assistance was paid to Oakmont Azure on your behalf" but the ledger RHA later provided shows "assistance *had* been distributed to tenants in the approximately 300-unit complex, but only to two tenants." (*Id.* at 64, 16-17.) Even accepting these allegations as true, they do not demonstrate that RHA provided false information or took retaliatory action. Moreover, these communications occurred long after the events relating to his

---

[11]While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

lease and could not state a plausible claim that RHA took any action amounting to discrimination as to housing or actions that affected Plaintiff's rental assistance.[12]

### B. Dismissal of the Federal Claims[13]

The Magistrate Judge considered each of the first five federal claims against Property Defendants and found legal and factual deficiencies that are dispositive of these claims, including failure to state a plausible claim that Property Defendants discriminated against Plaintiff or took actions against him because of his race or disability and conclusory allegations about being treated differently than other similarly situated tenants. (ECF No. 50 at 7-14.) As for the sixth federal claim for First Amendment retaliation (count VI), the Magistrate Judge found that Property Defendants are not state actors and therefore cannot be liable under section 1983.[14] (*Id.* at 15-16.) Given the number of times Plaintiff has had an opportunity to amend his complaint, the Magistrate Judge recommends dismissal with prejudice. The Court agrees with the Magistrate Judge's thorough analysis.

---

[12] Plaintiff also alleges that in March 2025, he applied to RHA for assistance, "noting his 'Homeless' and 'Displaced' status." (ECF No. 39-1 at 21.) RHA responded with a request for "Plaintiff to meet housing preference criteria" and that Plaintiff "must accept placement in a shelter or an RHA-controlled property" but this would require Plaintiff "to enter a tenancy controlled by Defendant RHA." (*Id.* at 22.) It is not clear how these allegations even relate to Plaintiff's claims against RHA as to his dispute with Property Defendants. To the extent Plaintiff alleges that RHA's response to his request for assistance is because of his displaced housing status, Plaintiff only offers conclusory allegations that RHA engaged in retaliation by forcing him to either abandon his claim or into accepting "a tenancy controlled by the very entity he was actively suing." (ECF No. 39-1 at 34.)

[13] The federal claims are (1) race discrimination in violation of the Fair Housing Act against all Defendants (count I); (2) racial discrimination in contracting in violation of 42 U.S.C. § 1981 against Property Defendants (count II); (3) disability discrimination in violation of the Fair Housing Act against all Defendants (count III); (4) denial of equal protection based on disability and race in violation of 42 U.S.C. § 1983 (counts IV and V) against all Defendants; and (5) violation of 42 U.S.C. § 1983 (First Amendment) (count VI) against all Defendants. (ECF No. 39-1 at 24-35.)

[14] To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Property Defendants are private entities, not state actors.

### C. State Law Claims

The Magistrate Judge recommends deferral of screening of Plaintiff's ten state law claims until the Court is satisfied that it has diversity jurisdiction. (ECF No. 50 at 16.) The Court again agrees with the Magistrate Judge that the Court should decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c). Thus, unless Plaintiff can demonstrate that the parties are diverse, the Court will decline to exercise supplemental jurisdiction over the state law claims. Accordingly, Plaintiff will be given 30 days to file a supplement to his SAC to identify the members of Oakmont Properties-Azure, LLC and their states of citizenship. Alternately, Plaintiff may notify the Court that he wishes to dismiss the state law claims without prejudice to him, refiling in state court.[15] Failure to timely file the supplement will result in dismissal of the state law claims without prejudice for lack of subject matter jurisdiction.

## IV. CONCLUSION

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Judge Denney's report and recommendation (ECF No. 50) is adopted.

It is further ordered that Plaintiff's objection (ECF No. 53) is overruled.

It is further ordered that Plaintiff's motion to supplement his objection (ECF No. 57) is denied.

It is further ordered Plaintiff's motions for leave to file a seventh amended complaint (ECF Nos. 39, 40, 41) are granted.

---

[15] The Court has not yet screened the state law claims. So Plaintiff may elect to pursue these state law claims by filing a complaint in state court. In other words, dismissal of the state law claims for lack of subject matter jurisdiction will not prejudice Plaintiff. He may still bring them in state court.

It is further ordered that Defendant Reno Housing Authority is dismissed with prejudice.

It is further ordered that Plaintiff's emergency motion for temporary restraining order against Defendant Reno Housing Authority (ECF No. 37) is denied as moot. It is further ordered that all related subsequently filed motions (ECF Nos. 44, 45, 46, 48, 49, 51, 52, 58) are denied as moot.

It is further ordered that the federal claims alleged in counts I through VI are dismissed with prejudice.

It is further ordered that the Court will defer screening of Plaintiff's state law claims until the Court determines whether it has diversity jurisdiction. Plaintiff will have 30 days to file a supplement to his seventh amended complaint to identify the members of Oakmont Properties-Azure, LLC and their states of citizenship. Failure to timely provide the supplement will result in dismissal of the remaining state law claims without prejudice for lack of subject matter jurisdiction. Alternatively, Plaintiff may file a notice informing the Court that he wishes to dismiss the remaining state law claims without prejudice.

DATED THIS 11th Day of December 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE